**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **JUAN CARLOS NAVARRO FLORES** | **CIVIL ACTION NO. 3:26-CV-2417** |
| | **SECTION P** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **DHS, ET AL.** | **MAGISTRATE JUDGE DAVID J. AYO** |

## REPORT AND RECOMMENDATION

Petitioner Juan Carlos Navarro Flores,[1] a detainee in the custody of the Department of Homeland Security ("DHS") and the Bureau of Immigration and Customs Enforcement ("ICE"), petitions for a writ of habeas corpus under 28 U.S.C. § 2241.[2] Respondents oppose the petition. [Doc. 9]. For reasons below, the Court should deny the petition.

## Background

Petitioner is a citizen of Nicaragua. He entered the United States of America without inspection in June 2003. [Doc. 1-2, p. 2]. ICE detained Petitioner on October 10, 2025. [Doc. 1, p. 4]. On May 14, 2026, following a hearing, an immigration judge denied Petitioner bond, finding that he was a flight risk. [Docs. 1-2, p. 3; 9-2, p. 1]. On May 26, 2026, an immigration judge ordered Petitioner removed to Nicaragua. [Doc. 9-3, p. 3]. Petitioner did not appeal. [Doc. 1, p. 4].

Petitioner filed this proceeding on approximately July 8, 2026. He first claims that he is entitled to release under *Bautista v. Santacruz* because he has been detained approximately eleven months without a bond hearing. [Doc. 1, p. 6]. He has been denied

[1] Petitioner's "A Number" is 240-393-397.

[2] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

his liberty, his family, including his wife and daughter, and the ability to work to support them. [Doc. 1-2, p. 3].

Petitioner also claims that the Government is violating his rights to due process and equal protection by detaining him for approximately eleven months. [Doc. 1, p. 6]. He has lived in the United States for 23 years, he has community support, and he has a clean record. *Id.* Finally, Petitioner claims that he is entitled to release under *Zadvydas v. Davis*. [Doc. 1, p. 7]. Respondents opposed the petition on August 10, 2026. [Doc. 9].

## Law and Analysis

### I. *Zadvydas v. Davis*

In *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001), the Supreme Court held that if an alien is detained for six months after a final order of removal and if the alien petitioning for habeas corpus "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." "[A]n alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

Here, however, Petitioner's claim is premature because he has not been detained more than six months following the date his order of removal became final. On May 26, 2026, an immigration judge ordered Petitioner removed to Nicaragua.

Under 8 U.S.C. § 1101(47)(B), an order of removal "shall become final upon the earlier of--(i) a determination by the Board of Immigration Appeals affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals."[3] An alien ordered removed has thirty days to appeal that

---

[3] *See also Riley v. Bondi*, 606 U.S. 259, 267 (2025).

decision to the Board of Immigration Appeals. 8 C.F.R. § 1003.38(b). Here, Petitioner did not file an appeal with the Board of Immigration Appeals. Thus, his order of removal became final thirty days after he was ordered removed, or on June 26, 2026.

Petitioner filed this proceeding on approximately July 8, 2026, less than six months after his order of removal became final. *See Chance v. Napolitano*, 453 F. App'x 535 (5th Cir. 2011) (per curiam) (concluding that the district court did not err in finding that the "challenge to [petitioner's] continued post removal detention was premature" when the petitioner "had not been in post-removal-order detention longer than the presumptively reasonable six-month period" authorized by *Zadvydas*); *Okpoju v. Ridge*, 115 F. App'x 302 (5th Cir. 2004) (per curiam) (finding that a continued detention claim was "premature" because the petitioner "had not yet been in custody longer than the presumptively reasonable six-month post removal order period"), *cert. denied*, 544 U.S. 1066 (2005).

The Court should deny this claim as premature.

**II. Due Process**

*Zadvydas* also addressed the extent to which due process demands relief in the § 1231(a) setting, concluding that relief is required only when continued detention is unreasonable. As above, Petitioner's claim under *Zadvydas* is premature. Consequently, the Government has not and is not violating Petitioner's right to due process. *See Hernandez-Esquivel v. Castro*, 2018 WL 3097029, at *8-9 (W.D. Tex. June 22, 2018); *Martinez v. Larose*, 968 F.3d 555, 566 (6th Cir. 2020) ("The Supreme Court has had occasion to consider the constitutional implications of indefinite detention under § 1231(a). . . . [T]he Court offered us a standard through which to judge indefinite-detention cases—the *Zadvydas* standard we applied in this case. We see no cause to question the wisdom of that decision."); *Castaneda*,

95 F. 4th at 760 ("[A] § 1231 detainee who fails the *Zadvydas* test fails to prove a due process violation.").[4]

The Court should dismiss this claim.

**III. *Bautista* Class Action**

Petitioner claims that he is entitled to relief under *Maldonado Bautista v. Santacruz*, 2025 WL 3288403, at *9 (C.D. Cal. Nov. 25, 2025).

In *Bautista*, the court found that persons meeting certain identified requirements are "bond eligible." However, one district judge in this district previously rejected this conclusion. *See Mendoza v. Rice,* Civil Action No. 1:26-0058 (W.D. La. Jan. 14, 2026) [Doc. 6, pp. 10-19] (Doughty, J.). Another district judge likewise opined: "[T]he reasoning undergirding [*Bautista*] was expressly rejected by a panel of the Fifth Circuit. *Compare Buenrostro-Mendez*, 166 F.4th at 502–08 *with Guerrero-Orellana*, No. 1:25-cv-12664-PBS, at ECF No. 112 *and Maldonado Bautista*, No. 5:25-cv-1873-SSS, at ECF No. 116." *Ramirez v. Harper, et al.*, No. CV 26-386 SEC P, 2026 WL 1067923, at *1 (W.D. La. Apr. 20, 2026). The undersigned agrees with the opinions above.

In addition, Petitioner had two bond hearings already, and he is no longer detained under 8 U.S.C. § 1225. *Bautista*, therefore, is inapplicable.

Accordingly, the Court should deny this claim.

[4] *See also Linares v. Collins*, 2025 WL 2726549, at *5 (W.D. Tex. Aug. 12, 2025), *adopted by,* 2025 WL 2726067 (W.D. Tex. Sept. 24, 2025) ("[T]he Supreme Court [in *Zadvydas*] set out the standard for when detention pursuant to § 1231(a)(6) violates due process: when there is no significant likelihood of removal in the reasonably foreseeable future. Use of this standard is also consistent with the practice of other district courts in the Fifth Circuit.") (citing cases).

**IV. Equal Protection**

Petitioner claims that the Government violated his right to equal protection. He argues:

> Release on bond denied, even if I had a clean record and support documents after 23 years living here in the U.S. Asylum denied because lack of proof they said, that's not true, but being detained for so long makes [it more complicated] to get all the proof, Respondents know it.

[Doc. 1, p. 6].

Petitioner's claim, however, does not sound in equal protection. To establish an equal protection claim, a petitioner must allege that the Government treated "two or more classifications of similarly situated persons" differently. *See Duarte v. City of Lewisville, Texas*, 858 F.3d 348, 353 (5th Cir. 2017) (quoting *Gallegos–Hernandez v. United States*, 688 F.3d 190, 195 (5th Cir. 2012)). Petitioner here does not claim that the Government treated other similarly situated individuals differently. In addition, his claim is impermissibly conclusory.[5] The Court should deny this claim.

**Recommendation**

For reasons above, **IT IS RECOMMENDED** that Petitioner Juan Carlos Navarro Flores's petition be **DENIED AND DISMISSED WITHOUT PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

[5] *See generally Salgado v. Gonzales*, 169 F. App'x 373 (5th Cir. 2006) ("Salgado next argues that his equal protection and due process rights were violated by the Immigration Judge and the BIA throughout his removal proceedings. Salgado's conclusory allegations of constitutional violations are unsupported by his brief. Accordingly, he has not established that he has suffered a constitutional harm.").

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.**

In Chambers, Lafayette, Louisiana, this 16th day of September, 2026.

David J. Ayo
United States Magistrate Judge